(87 South. 249)

No. 24303.

STATE ex rel. CITY OF BATON ROUGE et al. v. DAY, Sheriff and Tax Collector (POLICE JURY OF EAST BATON ROUGE PARISH, Intervener.)

(Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Taxation ☞913(1)—City held entitled to half of taxes collected by parish within corporate limits.

Where the police jury of East Baton Rouge parish adopted a budget to cover which a general parish-wide tax of two mills was levied on all property, as for its general alimony, under the powers conferred for that purpose by Act No. 191 of 1918, and thereafter under the same authority levied a parish-wide tax for building roads and bridges of a permanent character, and for general upkeep of roads included in its budget, utilizing only three of the five mills which it had the power to exact, the city of Baton Rouge was entitled to one-half of all the taxes collected within its corporate limits, under Const. art. 282.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Proceeding in mandamus by the State, on the relation of the City of Baton Rouge and others, to compel Robert B. Day, Sheriff and Tax Collector, to turn certain taxes over to the city, in which the Police Jury of East Baton Rouge Parish intervened. Judgment for relators, and defendants appeal. Affirmed.

John Fred Odom, Dist. Atty., of Baton Rouge, for appellants.

H. Payne Breazeale and Jos. A. Loret, both of Baton Rouge, for appellees.

DAWKINS, J. This is a proceeding by mandamus to compel the tax collector for East Baton Rouge parish to turn over to the city of Baton Rouge one-half of the proceeds of a certain tax collected within the city of one mill on the dollar levied upon all the property in the parish. The contention of the city is that it is entitled to that portion of the tax under article 282 of the State Constitution.

The defenses are that the petition discloses no cause of action, and that the tax in question is not such as is contemplated by the provision of the Constitution mentioned.

The police jury of the parish intervened and joined the defendant in resisting the demands of the city.

There was judgment in favor of the city, making the mandamus peremptory against the tax collector and police jury, and the tax collector has appealed.

### The Facts.

The case was submitted upon an agreed statement of facts, which in substance was as follows:

The police jury adopted a budget for the year 1919, to cover which a general parish-wide tax of two mills on the dollar was levied upon all property, as for its general alimony, under the powers conferred for that purpose by Act No. 191 of 1918, adopted as an amendment of the Constitution limiting the rate of taxation to five mills. Thereafter it levied a parish-wide tax for building roads and bridges of a permanent character, in addition to the amount for general upkeep of roads, included in its budget, by an ordinance which reads as follows:

### "Ordinance.

"Fixing the special parish-wide road tax for the parish of East Baton Rouge, state of Louisiana, for the year 1919 at one (1) mill on the dollars of the 100 per cent. assessed valuation for the year 1919.

"Section 1. Be it ordained by the police jury of the parish of East Baton Rouge, state of Louisiana, in regular session this 8th day of July, 1919, convened: That the rate of the special parish-wide road tax of the parish of East Baton Rouge for the year 1919, be and the same is hereby fixed as one (1) mill on the dollars of the 100 per cent. assessed valuation on all taxable property within the parish of East Baton Rouge for the said year 1919, and that said one (1) mill special parish-wide road tax be assessed and extended on the 1919 tax rolls separately from any other tax hereby levied for said year."

The authority for levying this last tax is likewise derived from this amendment of the Constitution, which limits the powers of the parish in that respect to five mills on the dollar. Since only two mills had been utilized, there remained three mills which might be used, if necessary, for general parochial purposes, and one of which was used for the tax in question. The amount produced in the city of Baton Rouge was in excess of $19,000, one-half of which is claimed by the city.

### Opinion.

The parish contends that it is only one-half of the proceeds of the taxes levied for general purposes within the city, such as was first imposed under the budget, that was intended should be paid over to the city under article 282 of the Constitution, and that to compel it to surrender the portion which the city now claims will so diminish the amount of the fund as to prevent the accomplishment of the purpose for which the tax was levied.

The article in question is as follows:

"One-half of the net amount of all parish taxes and licenses, levied and collected within the corporate limits of the city of Baton Rouge, shall be paid over for the use of said city, by the officer collecting the same, to the officer charged with the custody of the funds of said city."

As above indicated, the tax was imposed by virtue of the same authority, and to the same extent, both as to territory and property subject to taxation, as that to cover the budget, and we can see nothing to distinguish it from the latter, or to remove it from the category of a parish tax of the nature contemplated by the Constitution. If the sum to be expended had been budgeted along with other items of general expense, and the rate of taxation therefor fixed at three instead of two mills, we take it that it could not be seriously contended that the city would not be entitled to its one-half of the entire three mills collected within its limits. Can the parish, by merely separating the two and directing the assessor to assess and the sheriff to collect the one mill specially for road purposes, relieve it of the mandatory duty imposed by the Constitution? We think not.

No authority has been cited, and we have been unable to find any, to sustain the position of the parish. Our opinion is that, when the provision says "all parish taxes," it at least means all taxes levied under the powers conferred by the Constitution for general parochial purposes.

For the reasons assigned the judgment appealed from is affirmed, at the cost of the appellant.